8952

ATLANTA & C. A. L. RY. CO. *ET AL.* v. SPARTANBURG RY.,
GAS & EL. CO.

(83 S. E. 635.)

RAILROADS.    EMINENT DOMAIN.    STATUTES.    ADVERSE POSSESSION.    TRES-
PASS.

1. RAILROADS—RIGHT OF WAY—ACQUISITION OF TITLE.—Where railway
companies, claiming title to a strip of land, did not take possession
of same until 1872, they acquired no title to same under the act
incorporating the Greenville & Columbia Railroad Company, passed
December 15, 1845 (11 St. at Large, p. 324, sec. 2), and the act
incorporating the Air Line Railway Company in South Carolina,
passed December 20, 1856 (12 St. at Large, p. 510, sections 4, 5);
it being essential to the acquisition of title under the act of 1845
that 3,000 shares of stock in the company be subscribed for within
thirteen months and that the railroad be commenced within
two years and be completed within ten years after the shares should
be subscribed, and the act of 1856 not operating to extend this time
more than ten years.

2. INJUNCTION—USE OF RIGHT OF WAY—OWNERSHIP.—Where, in an
action by railroad companies to enjoin another railroad company
from using a portion of its right of way, it appeared that plaintiffs'
rights, if any, were based on actual possession, and there was no
evidence that they ever had actual possession of the part of the land
in dispute or that defendant's use thereof would interfere with plain-
tiffs' use, the injunction was properly denied.

3. Use by the owner of lands over which a railroad company has a
right of way is not adverse to the easement, unless it interferes
with the enjoyment thereof.

Before SEASE, J., Spartanburg, Summer term, 1913.
Affirmed.

Action by Atlanta & Charlotte Air Line Railway and
Southern Railway Company, lessee, plaintiffs, against Spar-
tanburg Railway, Gas & Electric Company, defendants.
From judgment for defendant, plaintiffs appeal.

The following statement of facts appeared in the case, in
addition to statement recited in the opinion:

"The plaintiffs introduced an abstract of their title show-
ing that on June 29, 1870, pursuant to the provisions of an

enabling act passed by the General Assembly of South Carolina February 14, 1870 (14th statute, 334), the Air Line Railway in South Carolina, the Air Line Railway in Georgia, and the Air Line Railway in North Carolina entered into a consolidation agreement and formed the Atlanta and Richmond Air Line Railway Company; that the said Atlanta & Richmond Air Line Railway Company gave a first and second mortgage thereon, which mortgages were duly foreclosed in the United States Courts for North Carolina, South Carolina and Georgia; that the purchasers at said foreclosure sales, pursuant to the provisions of an enabling act passed by the General Assembly March 24, 1876 (16th statute, 160), reorganized the entire line of railroad from Charlotte to Atlanta as the Atlanta and Charlotte Air Line Railway Company. The interest of the Southern Railway Company is a leasehold interest from the Atlanta & Charlotte Air Line Railway Company. The correctness of said abstract was admitted.

"It was proved that the plaintiff's line of railroad through the tract of land of which the land in dispute was then a part, was constructed by the Atlanta & Richmond Air Line Railway Company about 1872.

"The defendant proved paper title to the land in dispute by mesne conveyances from A. H. Kirby, the owner of the land at the time of the construction of plaintiffs' railroad. It also claimed title by adverse possession to a portion of said strip, which was shown by the undisputed evidence to have been enclosed by a fence, appurtenant to a dwelling which was partly within one hundred feet of the center of plaintiffs' track, for thirteen years, and which, so enclosed, had been held and claimed as his own by one of defendant's grantors uninterrupted for more than ten years prior to his conveying it to defendant. Said fence had been removed by defendant at the time of the commencement of this action, and the undisputed evidence showed that defendant's line of street railway across the disputed strip lay, for a

portion of its length, wholly without the former fence enclosure; for a portion of its length it followed the former fence line, lying partly within and partly without the former enclosure, and for the remainder of its length lay wholly within the former enclosure.

"On a motion by defendant to direct the verdict on that ground, among others, the Court held that sections 10 and 11 of the act incorporating the Greenville & Columbia Railroad Company (11th statute, 324), and sections 4 and 5 of the act incorporating the Air Line Railway Company in South Carolina (12th statute, 439), in so far as they relate to the manner in which said companies might acquire rights of way, were repealed by section 23 of article I and section 3 of article XII of the Constitution of 1868, and were superseded by the condemnation statute passed September, 1868 (14th statute, 89), and that as plaintiffs' railroad had not been constructed until 1872, said sections are invalid as a foundation for title to a right of way claimed to have been obtained under their provisions subsequent to 1868." ·

*Mr. J. B. Atkinson,* for appellant, cites: *As to plaintiffs' title under taking, without written agreement with owner:* 11 Stats. 324; 12 Stats. 439; 11 Stats. 483; 60 S. C. 389; 11 Rich. L. 93; 79 S. C. 285; 72 S. C. 228; 79 S. C. 381. *Constitutionality of:* 11 Stats., sec. 11, p. 324; 15 Cyc. 587; Rice L. 392. *Provision for compensation of owner:* 12 Stats. 439. *Waiver of compensation by owner:* 15 Cyc. 643, 644; 167 U. S. 88; 159 U. S. 380; 108 Mass. 208. *Rights vested under charter prior to Constitution of 1868:* 3 S. C. 381; 4 Wheat. 655; 6 Cranch 87. *Construction of possession of land within the 200 feet:* Code Civil Proc. 1902, sec. 202; 67 S. C. 506; 3 S. C. 34; 42 S. C. 138. *Due process of law:* 168 U. S. 674; 15 Cyc. 778. *Presumption of title by possession since road was built:* 80 S. C. 114. *Adverse possession:* 63 S. C. 269.

*Mr. C. E. Daniel,* for respondent, submits : *Charter rights subject to amendment:* 11 Stats. 177-183; 11 Stats. 348-356; 12 Stats. 439; 14 Stats. 75; Const. 1868, art. I, sec. 23; art. XII, sec. 3; 14 Stats. 89-92; 14 Stats. 334. *Special privileges in acts of 1845 and 1856 not protected in Federal Const.:* Art. I, sec. 10; Lewis Em. Domain (3d ed.), sec. 379; 8 Cyc. 981; *Ib.* 917, 920; 161 U. S. 677; 40 L. Ed. 849; 8 Cyc. 911, 921, 924, 925; 10 Cen. Dig. Title Constitutional Law, sec. 260; 31 S. C. 1; 81 Ky. 221; 14 Am. & Eng. R. Cas. 30; 52 Wis. 537; 10 Am. & Eng. R. Cases 108; 4 S. C. 330; 3 S. C. 381; 13 S. C. 481. *No vested right prior to building of road:* 8 Cyc. 902; 40 Cyc. 199; 54 S. C. 413, 425; 113 Fed. 930; 161 U. S. 677; 40 L. Ed. 349; 4 S. C. 330. *Charter not excepted from repeal or amendment:* 9 Otto 348-355; 25 L. Ed. 303. *Charters granted and amended containing exemption clauses:* 11 Stats. 295, 322, 348, 394, 402, 415, 475, 481, 548, 561; 12 Stats. 81, 160, 229, 240, 253, 255, 391, 393, 428; 13 Stats. 187. *Charters and amendments containing no exemption clauses:* 11 Stats. 234, 364, 424, 425, 489, 491, 496, 514, 515, 526, 567; 12 Stats. 97, 117, 132, 152, 171, 182, 238, 248, 250, 254, 287, 299, 325, 341, 356, 378, 439, 551, 564, 593, 620, 660, 663, 709, 776, 782, 807, 808, 810; 13 Stats. 56, 137, 171, 191, 358, 406, 45; 14 Stats. 75; see N. Y. 9, and note to 105 U. S. in 26 L. Ed. 962. *When the road was built under the consolidation act of 1870 its charter became subject to amendment:* 38 S. C. 103; 3 S. C. 381, *and its rights are to be determined by the law then in force:* 114 U. S. 176; 29 L. Ed. 125; 180 U. S. 1; 45 L. Ed. 395; 112 U. S. 609; 28 L. Ed. 837; 98 U. S. 359; 25 L. Ed. 185; 15 Wall. 454; 21 L. Ed. 204. *Right to compensation can only be barred by adverse possession:* Lewis Em. Domain (3d ed.) 966. *In taking lands under exercise of right of eminent domain there must be a strict compliance with all statutory and constitutional requirements:* 15 Cyc. 567 and 575; 8 Cyc. 961; 94 S. C. 199; 38 S. C. 103; 88 S. C. 249.

September 29, 1914.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows the following:

"The plaintiffs, claiming title thereto as a part of their right of way, brought this action against defendant in the Court of Common Pleas for Spartanburg County for the recovery of the possession of a strip of land in the city of Spartanburg, owned by A. H. Kirby prior to and at the time of the construction of plaintiffs' railroad, and lying within one hundred feet of the center of plaintiffs' track, and on which defendant has constructed and is operating a line of street railway; for damages for the alleged trespass thereon by defendant; to require defendant to remove its track therefrom, and to perpetually enjoin defendant from further trespassing thereon or in any way interfering with plaintiffs' quiet use and enjoyment thereof.

"The case was tried before his Honor, Judge T. S. Sease, and a jury. The verdict was for the defendant, and from a judgment duly entered thereon plaintiffs appeal.

"The plaintiffs based their claim of title to the land in dispute on section 11 of the act incorporating the Greenville and Columbia Railroad Company, passed December 15, 1845 (11th statutes, 324), and on sections 4 and 5 of the act incorporating the Air Line Railway Company in South Carolina, passed December 20, 1856 (12th statutes, 439). These acts, which are public acts, were introduced in evidence."

Sections 4 and 5 of the act of 1856 (12th statutes, 439), read as follows:

"Section 4. That said company shall have full power and authority to survey, lay out and construct a railroad from the line of the State of Georgia, in the direction of the city of Atlanta, to Anderson county courthouse, and thence to some point of connection with the Charlotte and South Carolina Railroad, in the direction of Charlotte, North

Carolina, or in their discretion, from the Greenville and Columbia Railroad, at or near the town of Newberry, to some point of connection with the said Charlotte and South Carolina Railroad at or near the town of Chesterville, and the same to equip, use and enjoy, with all the rights, privileges and immunities granted to the Greenville and Columbia Railroad Company, under the act incorporating the same, and the several acts amendatory thereof, so far as they may be applicable to the purposes of the charter hereby granted.

"Section 5. That all questions concerning the right of way between the said company and the owner of any lands over which the said railroad may be located, where the parties cannot agree concerning the same, shall be adjudged and determined in the same manner as provided for determining the right of way by the act incorporating the Greenville and Columbia Railroad Company, passed on the fifteenth day of December, in the year of our Lord one thousand eight hundred and forty-five. In all cases of appeal full costs shall be awarded and collection thereof enforced as in cases of trespass on the case."

Section 2 of the act of 1845 is omitted, as it is set forth in the first exception.

Exception 1. "That his Honor erred in refusing to charge plaintiffs' first request to charge, 'that under the undisputed facts in this case and the statute law of this State, the Atlanta and Charlotte Air Line Railway Company became the successor of the Air Line Railway Company in South Carolina, whose charter gave to said company all the rights, privileges and immunities granted to the Greenville and Columbia Railway Company under the act incorporating the same, and the several acts amendatory thereof, so far as they may be applicable to the purposes of the charter hereby granted. That among the rights and privileges granted to the Greenville and Columbia Railway Company in its charter is the following: "That in the absence of any written

contract between the said company and the owner or owners of land through which the said railroad may be constructed in relation to said land, it shall be presumed that the land on which the said railroad may be constructed, together with one hundred feet on each side of the center of said road, has been granted to said company by the owner or owners thereof, and the said company shall have good right and title to the same, and shall have, hold and enjoy the same unto them and their successors so long as the same may be used for the purposes of said road and no longer, unless the person or persons to whom any right to title to such lands, tenements or hereditaments shall come shall prosecute the same within two years next after the construction of such part or portion of the said road as may be constructed upon the lands of the person or persons so having or acquiring such right to the title as aforesaid, and if any person or persons to whom any right to title to such lands, tenements or hereditaments belong or shall hereafter descend or come do not prosecute the same within two years next after the construction of the part of the said road upon the lands of the person or persons so having or acquiring such right or title as aforesaid, then he or they, and all claiming under him or them, shall be forever barred to recover the same." There is no written contract in this case. I therefore charge you that the law presumes that the land upon which plaintiff's railroad is constructed, together with one hundred feet on each side of the center of said road, has been granted to the said plaintiff by the owner or owners thereon.'. The error being that the request embodied a sound proposition of law, applicable to the facts, as a foundation of plaintiff's claim of title to one hundred feet right of way on each side of the center of the track, which right is derived from the statute law of this State."

This his Honor could not have charged. It is conceded in the case that the land was not taken until 1872, and that the defendant claims title through Mr. Kirby, the then owner of the land.

The act of 1845, upon which the appellants base their claim, must be construed as a whole. The rights granted under it are exceedingly great. Exclusive rights are granted and heavy penalties imposed for any interference with those rights. It could purchase, take and hold land. Provision was made for the assessment of the value in case of a disagreement. They might extend or contract the width of the land taken, but in the absence of a written agreement, the right of way was to be two hundred feet wide, "and the use thereof by said company for the purpose of said road shall be considered as an actual possession of said land covered by said road and the space of one hundred feet on both sides of said road as aforesaid."

It is not surprising, therefore, that there should be a time limit within which these great powers must be exercised. We find in the sixteenth section that the exclusive rights are limited to thirty-six years, and the following proviso: "Provided, that the subscription of stock in said company be filled up to the amount of three thousand shares within thirteen months from the passing of this act and the said railroad be commenced within two years and be completed within ten years after the shares shall be subscribed."

Even if the act of 1856 be construed to give "Air Line Railroad Company of South Carolina" an additional extension of ten years, this extension had expired before the land was taken in 1872. The attention of this Court has been called to no extension of time and the only extension of time we have been able to find refers to a branch road. It does not appear, therefore, that the acts of 1895 and 1856 grant the plaintiffs the right to take the land. The plaintiffs must therefore rely upon actual possession, and there is nothing to show that they ever had actual possession of the land in dispute.

The respondent claimed title by adverse possession in its grantors. The appellant replies that the use of Mr. Kirby was not adverse because it did not interfere with the use by

the railroad company.  Even if the right of way extended for one hundred feet on Mr. Kirby's side, he had the right to use it in any way that did not interfere with the use by the railroad company.  Now that the land is owned by the defendant, it has the same right to use it in any way that does not interfere with the use by the railroad company.  There is no showing that the proposed use by the respondent interferes with the use by appellant.

The other exceptions raise questions as to the effect of the Constitution of 1868 and subsequent statutes on the act of 1845.  These questions are now academic.

The judgment is affirmed.

MR. JUSTICE HYDRICK concurs in result.